UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARVIN GREEN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:25-CV-158-DCLC-CRW |
| UNICOI COUNTY SHERIFF'S OFFICE, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

Petitioner, an inmate of the Unicoi County Jail, filed (1) a pro se petition seeking habeas corpus relief under 28 U.S.C. § 2241 from his pretrial detention based on his assertions that his arrest warrant was improper and the judge denied his request for appointment of counsel [Doc. 2 p. 6–7] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1], both of which are now before the Court. As it appears from his motion for leave to proceed *in forma pauperis* [*Id.*] and inmate account documents [Doc. 4 p. 1–2] that Petitioner cannot pay the filing fee, this motion [Doc. 1] is **GRANTED**. Also, for the reasons set forth below, the petition will be **DISMISSED without prejudice**.

Federal courts may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Accordingly, due to principles of comity and federalism, federal courts should abstain from ruling on requests for habeas corpus

relief from pretrial detainees except under "special circumstances." *Id.*; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum). Thus, the Sixth Circuit has only found that a federal court may rule on the merits of such pretrial habeas corpus petitions where (1) the petitioner sought a speedy trial and exhausted his available state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy concerns, or (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (citations omitted).

Petitioner has not presented the Court with unusual circumstances that warrant federal intervention into his state court proceedings. In his § 2241 petition, Petitioner first challenges the validity of the arrest warrant against him by asserting that (1) the person who issued the warrant was not authorized to do so by state law and (2) two counts of the arrest warrant charge him with three offenses instead of one [Doc. 2 p. 6–7]. Petitioner also states that the trial court denied his request for appointment of counsel [*Id.* at 7].

But none of these allegations plausibly suggest that Petitioner's pretrial detention violates his constitutional rights. Moreover, nothing suggests that Petitioner cannot resolve the claims he seeks to bring herein in his state court criminal proceeding. While Petitioner states in his petition that the Unicoi General Sessions Court refused to accept a petition he attempted to file regarding his § 2241 claims and that the Tennessee Court of Criminal Appeals stated it did not receive a

filing asserting his § 2241 claims [*Id.* at 2–3], these allegations do show that Petitioner cannot still pursue these claims through other available state court procedures.

Thus, the petition does not set forth any claim that would justify the Court's intervention in the state court criminal proceeding against Petitioner, and this action will be **DISMISSED without prejudice**.

Accordingly, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). As the petition does not make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT** issue.

Accordingly, for the reasons set forth above:

1. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. This action will be **DISMISSED**;

3. A COA **SHALL NOT** issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

                                  s/Clifton L. Corker
                                  United States District Judge